IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARIETTA DRAPERY &
WINDOW COVERINGS CO., INC.,

    Plaintiff,

    v.

THE NORTH RIVER INSURANCE
COMPANY and UNITED STATES
FIRE INSURANCE COMPANY,

    Defendants.

CIVIL ACTION NO.
1:06-CV-2929-RWS

## **ORDER**

Now before the Court are Defendants' Motion to Dismiss [6]; Plaintiff's Motion to Remand [12]; and Defendants' Motion to Strike Affidavits in Support of Plaintiff's Reply to Its Motion to Remand, or in the Alternative, Leave to File a Sur-reply [16, 17]. After considering the entire record, the Court enters the following Order.

### **Background**

This case arises out of an insurance coverage dispute between Plaintiff Marietta Drapery & Window Coverings Co, Inc. ("Marietta Drapery") and

Defendants The North River Insurance Company ("North River") and United States Fire Insurance Company ("U.S. Fire").  In February 2005, Marietta Drapery was named as a defendant in a putative class action filed in the Circuit Court of Madison County Illinois (the "Class Action").  See Alsup et al. v. 3-Day Blinds, Inc., et al., Case No. 05-L-191 (filed Feb. 17, 2005).[1]  The Class Action plaintiffs seek, inter alia, damages and costs, including reasonable attorneys fees, incurred as a result of the alleged sale and distribution of defective window coverings manufactured or sold by Marietta Drapery and other companies.  Marietta Drapery, which is an insured under certain general liability insurance policies issued by North River, and certain umbrella liability insurance policies issued by U.S. Fire, sought and was denied coverage for the Class Action claims on grounds that the allegations in the Class Action do not fall within the scope of coverage provided under the North River and U.S. Fire policies.

---

[1] The Class Action was removed to the United States District Court for the Southern District of Illinois, but was later remanded for lack of subject matter jurisdiction. See Alsup et al. v. 3-Day Blinds, Inc., et al., Civil Action No. 3:06-CV-00244-GPM-PMF (S.D. Ill. 2006).

On June 28, 2006, North River and U.S. Fire filed suit against Marietta Drapery and the Class Action plaintiffs in the United States District Court for the Southern District of Illinois (the "Illinois Action"). In that case, North River and U.S. Fire seek a declaratory judgment as to their obligation to defend and/or indemnify Marietta Drapery in the Class Action. Some five months later, in November 2006, Marietta Drapery initiated an action in the Superior Court of Cobb County, Georgia (the "Georgia Action") seeking a declaration that Defendants are obligated to defend and indemnify Plaintiff in the Class Action, as well as damages for breach of contract, and attorney's fees and costs pursuant to O.C.G.A. § 13-6-11. Defendants removed the Georgia Action to this Court, and have moved to dismiss under the "first-filed rule." Plaintiff thereafter moved to remand the Georgia Action to the Superior Court of Cobb County, Georgia. Both Defendants' Motion to Dismiss and Plaintiff's Motion to Remand are currently pending before the Court, and it turns now to resolve those Motions.

## Discussion

**I.     Motion to Dismiss**

Defendants move to dismiss this case under the "first-filed" rule, arguing that this Court should dismiss the instant action and allow the parties' respective claims to be adjudicated in the earlier-filed Illinois Action.[2] Plaintiff, while acknowledging that the Illinois Action predates this case, nevertheless

---

[2] In its Motion to Remand, Plaintiff contends that the Court lacks subject matter jurisdiction over this action because Defendants have not established that the amount in controversy requirement of 28 U.S.C. § 1332 has been satisfied. This contention notwithstanding, the Court elects to resolve Defendants' Motion to Dismiss. The Supreme Court has repeatedly recognized that "a federal court has leeway 'to choose among threshold grounds for denying audience to a case on the merits.' " Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp., ___ U.S. ___, 127 S. Ct. 1184, 1191, 167 L. Ed. 2d 15 (2007) (quoting Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 584, 119 S. Ct. 1563, 143 L. Ed. 2d 760 (1999)); see also Steel Co. v. Citizens for Better Environment, 523 U.S. 83, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998)). Thus, a district court may dispose of an action by based upon any number of non-merits grounds, and bypass questions of subject-matter and personal jurisdiction, when considerations of convenience, fairness, and judicial economy so warrant. See Sinochem, 127 S. Ct. at 1191-92.

The first-filed rule, upon which Defendants' Motion to Dismiss is predicated, is, in essence, a rule of venue. E.g., Northwest Airlines, Inc. v. American Airlines, Inc., 989 F.2d 1002, 1006 (8th Cir. 1993) (stating that "the 'first-filed' rule. . . gives priority, for purposes of choosing among possible venues when parallel litigation has been instituted in separate courts, to the party who first establishes jurisdiction."); Kytel Intern. Group, Inc. v. Rent A Center, Inc., 43 Fed. App'x 420, 421 (2d Cir. 2002) (unpublished decision) ("The first filed rule, a change of venue principle, permits the transfer or dismissal of subsequently commenced litigation involving the same parties and the same issues when both suits are pending in federal courts."). Because a dismissal under the first filed rule is not a determination of the merits, cf. Sinochem, 127 S. Ct. at 1190-92 (explaining that doctrine of *forum non conveniens* is "a supervening venue provision" which constitutes a "non-merits ground for dismissal" (internal quotations omitted)), the Court need not establish that it has subject matter jurisdiction over this action before proceeding to consider whether the first filed rule should be applied in this case. Id. at 1191-92.

4

argues that the Court should disregard the first-filed rule for three reasons. First, Plaintiff argues that "Defendants filed the Illinois Action prematurely in an effort to usurp Marietta Drapery's ability, as the wronged party, to file its own declaratory judgment action in its forum of choice." (Id. at 3.) Second, Plaintiff contends that although both the Illinois Action and the Georgia Action seek a declaration of the parties' respective rights and obligations under certain common insurance policies issued by Defendants, "the Georgia Action is more comprehensive in that it involves he interpretation of coverage under three additional insurance policies and includes claims for breach of contract and attorneys' fees." (Id.) Finally, Plaintiff argues that because Georgia law will control the interpretation of the policies, this Court should decide the controversy because it is more familiar with the law of this state. (Id.) For the reasons that follow, the Court concludes that the Georgia Action should be transferred to the Southern District of Illinois.

"The 'first filed' rule provides that 'when parties have instituted competing or parallel litigation in separate courts, the court initially having jurisdiction should hear the case.' " Barnett v. Alabama, 171 F. Supp. 2d 1292, 1296 (S.D. Ala. 2001) (decision of three judge panel) (quoting Allstate Ins. Co.

5

v. Clohessy, 9 F. Supp. 2d 1314, 1315-16 (M.D. Fla. 1998); see also Manuel v. Convergys Corp., 430 F.3d 1132, 1135 (11th Cir. 2005) ("Where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule."). "The rule rests on principles of comity and sound judicial administration" and serves "to maximize judicial economy and minimize embarrassing inconsistencies by prophylactically refusing to hear a case raising issues that might substantially duplicate those raised by a case pending in another court." Cadle Co. v. Whataburger of Alice, Inc., 174 F.3d 599, 604 (5th Cir. 1999). In the Eleventh Circuit, "the party objecting to jurisdiction in the first-filed forum [must] carry the burden of proving 'compelling circumstances' to warrant an exception to the first-filed rule." Manuel, 430 F.3d at 1135; see also Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu, 675 F.2d 1169, 1174 (11th Cir. 1982) ("In [the] absence of compelling circumstances, the court initially seized of a controversy should be the one to decide the case.").

In this case, it is beyond dispute that there is substantial overlap between the Illinois and Georgia Actions. Both cases arise out of the same insurance

6

coverage dispute—namely, whether Defendants are required to indemnify and defend Plaintiff against the claims asserted in the Class Action. <u>Compare</u> Georgia Action Compl. ¶ 16, Notice of Removal Ex. A [1-2] ("Marietta Drapery principally seeks in regard to the Class Action Claims, a declaration by the Court as to the rights of Marietta Drapery against North River and U.S. Fire in respect to the Class Action Claims and as to the joint, several and/or alternative duties and obligations which North River and U.S. Fire respectively have to Marietta Drapery in respect to the Class Action Claims."), <u>with</u> Illinois Action Compl. ¶ 1, Defs.' Mot. to Dismiss Ex. A [6-3] ("This is an action for declaratory judgment . . . with respect to [the parites'] rights and obligations under certain general liability insurance policies issued by North River . . . and under certain commercial umbrella liability insurance policies issued by U.S. Fire . . . for claims alleged against Marietta Drapery in [the Class Action]."). Moreover, the Court recognizes that the filing of a declaratory judgment action in anticipation of suit in another forum, as Plaintiff contends occurred in this case, is an equitable consideration which the Court may take into account in determining whether compelling circumstances exist to warrant an exception to the first-filed rule. <u>Manuel</u>, 430 F.3d at 1136. But, whatever merit there may

AO 72A
(Rev.8/82)

be to Plaintiff's argument that the Illinois Action falls within the "anticipatory declaratory judgment" exception to the first filed rule—an issue upon which the Court expresses no opinion—the Court is of the view that this determination should be made by the Untied States District Court for the Southern District of Illinois.

" '[T]he 'first to file rule' not only determines which court may decide the merits of substantially similar issues, but also establishes which court may decide whether the second suit filed must be dismissed, stayed or transferred and consolidated.' " Cadle, 174 F.3d at 606 (quoting Sutter Corp. v. P & P Indus., Inc., 125 F.3d 914, 920 (5th Cir. 1997)). Courts applying this rule generally agree "that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed." Id. (quotations omitted); e.g., Perkins v. Am. Nat. Ins. Co., 446 F. Supp. 2d 1350, 1353 (M.D. Ga. 2006) ("[U]nder the 'first-filed rule,' the court where the subsequently filed action has been filed should defer to the court where the first action was filed to allow that court to decide whether it should exercise jurisdiction over both cases in a consolidated action."); Street v. Smith, 456 F. Supp. 2d 761, 768 (S.D. Miss. 2006) (same);

Kate Aspen, Inc. v. Fashioncraft-Excello, Inc., 370 F. Supp. 2d 1333, 1338 (N.D. Ga. 2005) ("[T]he first-filed rule generally requires the first court to decide whether the first-filed rule should apply, or whether a narrow exception to the rule that only applies in 'compelling circumstances,' favors transfer of the first-filed case to the second court for consolidation." (citations omitted)). Thus, once the Court determines that a likelihood of substantial overlap exists between the two suits, it is no longer up to the second filed court to resolve the question of whether both should be allowed to proceed. Cadle, 174 F.3d at 606; Mann Mfg. v. Hortex, Inc., 439 F.2d 403, 408 (5th Cir. 1971).[3] Rather, "the proper course of action [is] for the court to transfer the case to the [first-filed] court to determine which case should, in the interests of sound judicial administration and judicial economy, proceed." Cadle, 174 F.3d at 606. Because, as noted above, it is beyond dispute that the Georgia Action post-dates the Illinois Action, and it is clear that there is a likelihood of substantial overlap between the two cases, the United States District Court for the Southern District of Illinois is the appropriate court to decide whether the Georgia action should

---

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to October 1, 1981.

be allowed to proceed, or whether it should be consolidated with the Illinois Action, and in addition, whether the Southern District of Illinois or the Northern District of Georgia is the appropriate venue to resolve this dispute.[4]  Given the Court's authority under 28 U.S.C. § 1406(a) to transfer a case to another district or division "in which it could have been brought," Defendants' Motion to Dismiss is **DENIED**, and the Clerk is directed to **TRANSFER** this action to the United States District Court for the Southern District of Illinois.[5]

---

[4] As Defendants acknowledge, Plaintiff has filed two motions to dismiss in the Illinois Action. The first raises challenges to the Illinois Court's exercise of personal jurisdiction over Plaintiff; the second argues for dismissal based upon Plaintiff's filing of this action in the Georgia state court. (Defs.' Br. in Supp. of Mot. to Dismiss [6-2] at 4.) These motions are currently pending before the Illinois Court, and as such, the Illinois Court is already poised to consider whether Illinois or Georgia is the appropriate venue for this litigation.

[5] While the Court has determined that this action should be transferred, it is aware that Plaintiff has challenged Defendants ability to satisfy the amount in controversy requirement.  By electing to transfer this action, it is not the Court's intent to unnecessarily increase the work load of its sister court in the Southern District of Illinois by compelling it to engage in a jurisdictional amount inquiry. While the Court is of the view that Plaintiff has fundamentally misapprehended the law applicable to the amount in controversy requirement, at least insofar as it relates to the insurance coverage of class action claims, the Court seriously doubts that such a challenge can and will be raised there.  Indeed, it does not appear that Plaintiff has challenged the subject matter jurisdiction of Illinois Court.  As these lawsuits are, in large part, duplicative of one another, if the Illinois Action satisfies the jurisdictional amount, then so too does the Georgia Action. Second, in the event that such an inquiry were required, the Court is of

## Conclusion

For the reasons stated herein, Defendants' Motion to Dismiss [6] is **DENIED**, and the Clerk is **DIRECTED** to **TRANSFER** this action to the United States District Court for the Southern District of Illinois.  Plaintiff's Motion to Remand [12]; and Defendants' Motion to Strike Affidavits in Support of Plaintiff's Reply to Its Motion to Remand, or in the Alternative, Leave to File a Sur-reply [16, 17] are **DENIED as moot**.

**SO ORDERED** this  10th  day of May, 2007.

RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

---

the view that the Illinois Court's superior understanding of the class action litigation, and the posture of this case, would facilitate this determination.

11